# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MITCHELL KEITH GOODRUM,

     Plaintiff

v.

KARLA K. BUTKO LTD,
KARLA K. BUTKO,

     Defendants

Case No.: 3:23-cv-00443-ART-CSD

**Order**

Plaintiff, who is an inmate in custody of the Nevada Department of Corrections (NDOC), has filed an application to proceed *in forma pauperis* (IFP) and pro se civil rights complaint suing attorney Karla K. Butko and Karla K. Butko LTD. The complaint mentions the Sixth, Eighth, and Fourteenth Amendments, ineffective assistance of counsel, a failure to protect, due process, deliberate indifference, legal malpractice, the right to fairness, negligence, effective representation among other alleged violations of his rights. The allegations stem from a habeas corpus hearing and Plaintiff alleges that Butko failed to file a proper habeas petition, and as such, not all issues were addressed at his habeas hearing. In addition, Plaintiff claims that Butko failed to file a motion to obtain a new attorney, and she failed to communicate with Plaintiff.

In the event Plaintiff seeks to proceed under 42 U.S.C. section 1983, his action will likely be dismissed because his former attorney, whether retained or appointed, is not a state actor that can be sued pursuant to section 1983. *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (per curiam).

Plaintiff's claim seems to be one for ineffective assistance of counsel related to Butko's conduct in his state court habeas proceedings. Such a claim must be raised in a direct appeal,

post-conviction, or habeas proceeding, but not in a section 1983 action. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

The court will defer ruling on Plaintiff's IFP application and the screening of Plaintiff's complaint. Plaintiff has **30 days** from the date of this Order to file a notice indicating whether he wishes to voluntarily dismiss this action filed pursuant to section 1983 and instead proceed with a petition for writ of habeas corpus.

The Clerk shall **SEND** to Plaintiff: (1) the approved form and instructions for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 225; and (2) the approved form application to proceed IFP by an inmate to accompany his habeas petition if he elects to file one.

If Plaintiff does not timely comply with this Order, the court will address his IFP application and complaint as filed and Plaintiff is advised that his action under 1983 will likely be dismissed and he will still have to pay the $350 filing fee over time.

**IT IS SO ORDERED**.

Dated: January 11, 2024

Craig S. Denney
United States Magistrate Judge

2